BARNEY DUMPING—BOAT CO. v. NIAGARA FIRE INS. CO.

(Circuit Court of Appeals, Second Circuit. March 18, 1895.)

1. MARINE INSURANCE—"SUE AND LABOR" CLAUSE.

An insurance company is not liable under the "sue and labor" clause of a marine policy for expenses incurred by the assured in sending out a tug to look for insured dumping scows, which were reported to have gone adrift, but which in fact were at the time tied up in a safe place.

2. SAME—CONTRACT.

The agents of a marine insurance company were notified by the owners of certain insured scows that the same were reported to be adrift, with the inquiry what should be done about it. The agents replied that, if the scows were adrift, the best thing was to send a tug out for them. *Held,* that this did not constitute a contract, outside the terms of the policy, which would render the company liable for the tug's expenses, it appearing that the scows had not in fact gone adrift, but were tied up in a safe place.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by the Barney Dumping-Boat Company against the Niagara Fire Insurance Company to recover the amount of

certain expenses incurred in sending out a tugboat to look for some of its scows which were insured by defendant, and which were reported to have gone adrift. In the district court the libel was dismissed, and the libelant appeals.

The policy of insurance contained the following provisions: "In case of loss, damage, detriment, hurt, or misfortune, it shall be lawful and necessary to and for the assured, their factors, servants, and assigns, to sue, labor, and travel for, in, and about the defense, safeguard, and recovery of the said vessel or any part thereof, without prejudice to this insurance, and to the reasonable and just charges thereof this company will contribute in proportion as the amount herein insured bears to the valuation of said vessel as expressed in this policy. No claim for partial loss or particular average shall in any case be paid unless the amount of such claim equals or exceeds the sum of $100 on each vessel, and said sum of $100 is to be deducted therefrom, in lieu of average on each vessel." The insurance was effected through Carpinter & Baker, who, as Mr. Carpinter testified, were the local marine agents of the defendant company for New York, having charge of the marine business in reference to insurance effected through that company, "subject to approval." The barges were chartered by the libelant company to the street cleaning department of New York City. On the morning of January 30, 1894, the street-cleaning department received notice from the life saving station at Rockaway that the Barney Dumping Company's boats were adrift out at sea. The street-cleaning department notified the dumping company of the receipt of this information, and the latter then called up by telephone Carpinter & Baker, and communicated to them the information received. The secretary of the dumping company testified that he simply reported the information that two dumpers had gone adrift, and asked the agents what should be done about it; and that the latter replied directing them to get the best tug they could, and send for the barges immediately. Mr. Carpinter, with whom the conversation was had, testified that he said in answer to the question: "Certainly, if those boats are adrift, the best thing is to send a tug to look for them." The dumping company accordingly employed a tug, which spent 48 hours in searching for the boats, but did not find them. It was afterwards ascertained that the boats had not in fact gone adrift, but were tied up in a safe place on the shore of Staten Island. The bill for the hire of the tug was presented to Carpinter & Baker, and they refused to pay it, on the ground that the insurance company was not liable under the policy.

Peter S. Carter, for appellant.

Anson B. Stewart, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. Libelant cannot recover under the "sue and labor" clause of the policy, as there was no necessity to defend, safeguard, or recover the property. Nor did the instructions of Carpinter & Baker, even if they be considered agents of the respondent, authorize the sending of a tug to look for the boats, since those instructions were qualified with the proviso that such action should be taken only if the boats were adrift.

The decree of the district court is affirmed, with costs.